**Christian Vladamir GONZALEZ–MEJIA, aka Cristian Vladamir Gonzalez–Mejia, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15-70611**

United States Court of Appeals, Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aaron Michael Morrison, Law Office of Aaron M. Morrison, Los Angeles, CA.

Todd J. Cochran, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Christian Vladmir Gonzalez–Mejia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying adjustment of status and a waiver under 8 U.S.C. § 1182(h) ("212(h) waiver"). Our jurisdiction is governed by 8 U.S.C. § 1252. We grant the petition for review, and remand.

Gonzalez–Mejia contended before the BIA, and now before this court, that the agency erroneously applied the "clearly and beyond a doubt" standard of proof in adjudicating his application for a 212(h) waiver of inadmissibility, when it should have applied the "preponderance of the evidence" standard. *Compare Lopez–Vasquez v. Holder*, 706 F.3d 1072, 1074–78 (9th Cir. 2013) (to establish eligibility for adjustment of status, an alien must prove " 'clearly and beyond doubt' ") that he is not inadmissible (quoting 8 U.S.C. § 1229a(c)(2)), *with* 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

Because the BIA failed to address this contention, we remand for the BIA to consider it in the first instance. *See Sagaydak*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner").

In light of this disposition, we do not reach Gonzalez–Mejia's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**